JASON T. PISKEL, WSBA #35398
Email: jtp@pyklawyers.com
BENJAMIN J. MCDONNELL, WSBA #45547
Email: ben@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 West Riverside Ave., Suite 700
Spokane, WA 99201
Telephone: (509) 321-5930
Facsimile: (509) 321-5935

*Attorneys for David M. Carlson,
Enterprise Focus, Inc., and Clever Capital, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197-FPC11 |
| GIGA WATT, INC., | **Adv. No. 19-80012-FPC** |
| Debtor. | Chapter 11 |
| MARK D. WALDRON, in his capacity as the duly-appointed Chapter 11 Trustee, | **DEFENDANTS DAVID M. CARLSON, ENTERPRISE FOCUS, INC. AND CLEVER CAPITAL, LLC'S MEMORANDUM RE: SHOW CAUSE** |
| Plaintiff, | |
| v. | |
| DAVID M. CARLSON and JANE DOE 1, individually and on behalf of the marital estate; ENTERPRISE FOCUS, INC., a Washington corporation; CLEVER CAPITAL, LLC, a Washington limited liability company; JEFFREY FIELD; | |

DEFENDANTS DAVID M. CARLSON - 1

ROB TRAVIS; and JANE DOES            )
2 through 15,                        )
                                     )
                  Defendants.        )

In accordance with the Court's Amended Order to Show Cause for Preliminary Injunction and Temporary Restraining Order (ECF No. 19), Defendants David M. Carlson, Enterprise Focus, Inc. and Clever Capital, LLC, by and through their attorneys of record, respectfully submit their Memorandum Re: Show Cause.

## I.    INTRODUCTION

The injunctive relief Plaintiff requests is an attempted end-run around the Bankruptcy Code's requirements that apply to assumption of executory contracts including, specifically, nonresidential leases of real property. The Trustee made the business decision to not assume any of the TNT Facility leases in which Giga Watt, Inc. had asserted an interest. Not having been assumed within the time required, they are rejected. Nevertheless, to regain the opportunity to control the facility, with Mr. Carlson as his target, Plaintiff commenced this proceeding and obtained a temporary restraining order.  The evidence to be presented at the show cause hearing, however, will demonstrate that Plaintiff is not entitled to the extraordinary equitable relief of a preliminary injunction.

DEFENDANTS DAVID M. CARLSON - 2



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

## II.   FACTUAL BACKGROUND

The factual background will be supported by the exhibits and the testimony to be presented at the show cause hearing set for May 23, 2019 (ECF No. 19).

### David Carlson and Enterprise Focus Inc.

David Carlson is an East Wenatchee resident who initially created Enterprise Focus, Inc. ("Enterprise Focus") to start a bitcoin mining business and for investment opportunity. He began this business by securing a data center location to expand bitcoin mining operations. Bitcoin mining is performed by computer boxes that process data for the bitcoin network, and these boxes are referred to as miners.  After finding the TNT Facility and meeting the Thompson family, he entered into agreements to lease warehouse property at the facility and to convert the warehouses into data centers. Enterprise Focus was also known as MegaBigPower, the name commonly used in connection with the early bitcoin mining business.

### The B and H Commercial Leases | 2013.

A Commercial Lease Agreement dated June 21, 2013 provided that Darel E. Thompson and Patricia C. Thompson d/b/a TNT Business and Warehouse Complex, as landlord, leased to Mr. Carlson, as tenant, certain

DEFENDANTS DAVID M. CARLSON - 3



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

real property, a portion of the TNT Facility at 474 Highline Drive, East Wenatchee, Washington, for a lease term of five years commencing on August 1, 2013 and terminating on the last day of July of 2018.

An addendum to the June 21, 2013 lease provided that Mr. Carlson, as tenant, shall move into Building B of the TNT Facility. The addendum further provides that, as of June 21, 2013, Mr. Carlson, as tenant, signed a five (5) year lease on Building H of the TNT Facility, for a lease term beginning on August 1, 2013 through July 31, 2018. The addendum provided for a $10,000 refundable damage deposit. A Lease Addendum to Building H, dated September 1, 2013, provided that Darel E. and Patricia C. Thompson d/b/a TNT Business Warehouse Complex agreed to lease to Mr. Carlson a fenced and gated lot of approximately 6300 square feet behind Building H, for a lease term to run concurrent with the remainder of the lease for Building H.

**Building B Commercial Lease Agreement | 2014.**

A Commercial Lease Agreement dated February 7, 2014 between TNT Business Complexes, LLC, as landlord, and Mr. Carlson, as tenant, provided that TNT Business Complexes, LLC leased Building B for a term of four-and-one-half (4.5) years, from February 1, 2014 through the end of July of 2018, for the monthly rent of $1,400. An Addendum to

DEFENDANTS DAVID M. CARLSON - 4



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

Commercial Lease Agreement provided that Mr. Carlson had delivered to TNT Business Complexes, LLC the sum of $75,000, the anticipated cost to restore the premises were Mr. Carlson to cease operating business at that location; that is, the anticipated cost to return the building to the condition in which it existed prior to tenant structural alterations. The addendum reflects the sum is inclusive of the $10,000 prior deposit.

**Building C Commercial Lease Agreement | 2014.**

A Commercial Lease Agreement dated November 14, 2014 provided that TNT Business Complexes, LLC, as landlord, leased to Mr. Carlson, as tenant, Building C of the TNT Facility for the term of five (5) years commencing on December of 2014 through November of 2019, with a stated monthly rent of $1,525 for the first twelve months and $1,650 per month thereafter.

**Building A Commercial Lease Agreement | 2015.**

A Commercial Lease Agreement dated June 24, 2015 provided that TNT Business Complexes, LLC, as landlord, leased to Mr. Carlson, Building A of the TNT Facility for the term of five (5) years commencing on July 1, 2015 through the last day of June of 2020. An addendum to Commercial Lease Agreement reflected that Mr. Carlson must return the warehouse unit to the condition in which it existed prior to tenant

DEFENDANTS DAVID M. CARLSON - 5



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa 99201
P 509.321.5930 / F 509.321.5935

structural alterations. The lease agreement contains a Payment Reimbursement Schedule outlining varying monthly rental rates.

**<u>Creation of Giga Watt.</u>**

In or about late 2016, Mining King began operations at Rock Island Facility in Rock Island, WA and attempted to begin a large-scale bitcoin mining operation. It never came to fruition, and the operators defaulted with the landlord of the Rock Island Facility, which was property the Thompsons controlled. Subsequently, Mr. Carlson met with a representative of Mining King: Adam West, a pseudonym for this individual. Mr. Carlson learned that Mining King could not move forward with its project and Mr. Carlson was asked to host 1000 miners. Mr. Carlson had room in a facility in Moses Lake, Washington and hosted the miners at that location. This engagement worked and Adam West introduced Mr. Carlson to Leonid Markin, Andrey Kuzenny, and Eduard Khaptakhev, who ultimately become the owners of Giga Watt. These three men ultimately created the entity Giga Watt, Inc. along with another individual named, Nick Evdokimov (who was eventually removed from the company by Mr. Markin) and with Mr. Carlson. Giga Watt was organized to purchase MegaBigPower's assets and move forward with bitcoin mining operations on a larger scale. To accomplish this goal, Mr. Carlson entered a

DEFENDANTS DAVID M. CARLSON - 6



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa 99201
P 509.321.5930 / F 509.321.5935

sale and assignment and assumption agreement.

**Bill of Sale and Assignment and Assumption Agreement.**

Mr. Carlson and his company Enterprise Focus and Giga Watt circulated and discussed a written sale and assignment of assets from Mr. Carlson and Enterprise Focus to Giga Watt, including an assumption of leases at the TNT Facility. Giga Watt began occupying and conducting business from the TNT Business Complex, including Buildings A, B, C, and H, and the Eller Street House/Office. Mr. Carlson, individually, and on behalf of Enterprise Focus, executed an Addendum to the Bill of Sale and Assignment and Assumption agreement, which set forth a change in consideration amount.

**Mr. Carlson Resigns as CEO of Giga Watt.**

By email, Mr. Carlson formally tendered his resignation as CEO of Giga Watt, effective August 12, 2018. On or before that day, Mr. Carlson lacked management control of Giga Watt and, at that time, Andrey Kuzenny controlled the company. Mr. George Turner managed day-to-day operations. The leases for buildings B and H of the TNT Facility were expiring and TNT Business Complexes, LLC wanted to deal with Mr. Carlson in connection with any new TNT Facility leases.

DEFENDANTS DAVID M. CARLSON - 7



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

### **B & H Lease of 2018 to Enterprise Focus | Carlson.**

By Commercial Lease signed November 1, 2018, TNT Business Complexes, LLC, as landlord, leased to Enterprise Focus, and Dave Carlson, as tenants, buildings B and H of the TNT Facility. The recitals reflect prior payments by Dave Carlson and/or Enterprise Focus in the amount of $75,000: $65,000 for Building H and $10,000 for Building B. The recitals reflect that the deposit had become insufficient to cover the costs of restoration affected by tenant alterations and that, consequently, TNT Business Complexes, LLC required as a condition to the lease an increase of the alteration deposit in the amount of $32,000, plus $15,000 to cover the costs of prior alterations. As further reflected in the recitals, TNT Business Complexes, LLC required an amount equal to four (4) months lease payments in reserve to repair the leased premises in the event the tenants were unable to continue business for the full five years of the lease: the sum of $29,400.00. Thus, the lease reflected the following calculation: $32,000, plus $15,000, plus $29,4000, for the sum of $76,400. This sum is in addition to the prior $75,000 deposit.

The lease provided for a five (5) year term beginning August 1, 2018 through July 31, 2023, with rent beginning on August 1, 2018 in the amount of $7,750 for the first two years and subject to upward adjustment

DEFENDANTS DAVID M. CARLSON - 8



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

for subsequent years. The lease provided for late charges and interest, together with other obligations. The following, without limitation, constituted an event of default under the lease: transfer by tenant absent landlord's prior written consent; also, abandonment of leased premises, defined as failure by tenant to occupy or use the leased premises for twenty (20) consecutive business days.

## Giga Watt Proposes an Agreement to Mr. Carlson.

On or about November 15, 2018, Giga Watt, through its Managing Director, informed Mr. Carlson, as follows:

> *As you know, Giga Watt is in trouble. We need to keep hosting miners at TNT, but may be unable to come up with the cash to keep the bills paid. In order to keep our access to the facility, I propose a new agreement under which we trade you some of Giga Watt's stock of miners at an equivalent value to current market prices, adjusted for use and condition.*
>
> *Based on present market values, I believe a fair price to be approximately $280 for an S9i in good condition with PSU. We have close to 280 of those available for trade. If this is acceptable please let me know.*

## Sublease to Giga Watt.

In or about November 16, 2018, Clever Capital and Giga Watt entered into a written Commercial Lease of buildings B and H. This sublease also describes the leased premises as including Building A. It

DEFENDANTS DAVID M. CARLSON - 9



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

provided for a one (1) year term commencing on November 1, 2018 through October 31, 2019, for a prorated rental rate of $28,257.00 for the month of November and with a rental rate in the amount of $31,056.00 beginning December 1, 2018, subject to possible downward adjustment by written agreement. The commercial lease further provided as follows:

> 2.6 **Additional Consideration.** *Under a prior month-to-month arrangement regarding the Leased Premises, Tenant owes Landlord Eleven Thousand Six Hundred Dollars ($11,600.00) in past-due rent. Tenant also owes Forty-Six Thousand Forty-Nine Dollars to ($46,049.00) to the Douglas County Public Utility District (PUD). The Parties understand that PUD intends to shut-off power to the Leased Premises unless Tenant's account is paid in full by November 16, 2018. Having the power shut-off would create significant risk to Landlord and the Leased Premises. Therefore, Landlord agrees to pay the outstanding debt to PUD on behalf of Tenant. Combining the past-due rent, the past-due PUD bill, and November's rent, Tenant owes Landlord Eighty-Five Thousand Nine Hundred and Six Dollars ($85,906.00), the "Total Amount Due."*

> *In consideration for Landlord transferring funds in the amount of Forty-Six Thousand Forty-Nine Dollars to ($46,049.00) to Tenant for payment of Tenant's PUD outstanding bill, and in lieu of cash payment for the past-due and November rents, Tenant hereby assigns and transfers to Landlord Tenant's contract with PUD for all power accounts associated with the Leased Premises; agrees to promptly facilitate and fully participate in all necessary notice, documentation, or other requirements to effectuate the assignment and transfer; and agrees to immediately transfer to Landlord:*

DEFENDANTS DAVID M. CARLSON - 10

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

a. Two Hundred Eighty (280) used S9 miners, including power supplies, at a valuation of Two Hundred Twenty-Five Dollars ($225.00) per system ($63,000.00 total); and

b. Additional miners to constitute the remaining Twenty-Two Thousand Nine Hundred Six Dollars ($22,906.00), the "Remaining Amount Due," such as:

    i. Used S9s, including power supplies at a valuation of Two Hundred Twenty-Five Dollars ($225.00) per system;

    ii. Used L3 units, including power supply, at a valuation of Thirty-Five Dollars ($35.00) per system; or

    iii. Used Alphaminer GPU units, including power supply, at a valuation of Six Hundred Dollars ($600.00) per system.

This lease was negotiated and signed by Mr. George F. Turner III as Managing Director of Giga Watt. From the outset, Giga Watt has failed to fully perform.

**Assignment of Lease from Enterprise Focus to Clever Capital.**

An assignment of Commercial Lease dated November 29, 2018, provided that Enterprise Focus and Mr. Carlson assigned to Clever Capital, LLC ("Clever Capital") the Commercial Lease with TNT Business Complex, LLC.

DEFENDANTS DAVID M. CARLSON - 11



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

**The Bankruptcy Case.**

On November 19, 2018, Giga Watt filed its voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). (Main Case, ECF No. 1). (<u>Id</u>.). Having resigned as CEO of Giga Watt, Mr. Carlson was not part of Giga Watt's decision to file a petition for relief, as reflected by the absence of his name in the Minutes and Resolutions of the company. (<u>Id</u>.). Those resolutions were signed by Andrey Kuzenny, Leonid Markin, and Eduard Khaptakhev. (<u>Id</u>.).

On March 19, 2019, the Estate of Giga Watt, Inc., through its counsel, and Clever Capital, caused to be filed a Notice of Stipulation to Extend Deadline to Assume or Reject the Lease with Clever Capital LLC. (Main Case, ECF No. 240). The notice reflected the stipulation to extend the deadline for the Chapter 11 Trustee to assume or reject "*that certain Commercial Lease, dated November 16, 2018, between Clever Capital LLC, as lessor, and Giga Watt, Inc., as lessee, with respect to 474 Highline Dr., East Wenatchee, Washington.*" (<u>Id</u>.). The extended deadline was stated as April 18, 2019. (<u>Id</u>.). The Chapter 11 Trustee, however, elected to not assume the lease within that time.

**This Adversary Proceeding.**

Four days after expiration of the deadline to assume the November

DEFENDANTS DAVID M. CARLSON - 12



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

16, 2018 Commercial Lease, Plaintiff commenced this adversary proceeding, and filed an Emergency Application for Order to Show Cause for Temporary Restraining Order and Preliminary Injunction. (ECF Nos. 1-2). On April 25, 2019, the Court entered an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order. (ECF No. 11). On April 30, 2019, the Court entered an Amended Order to Show Cause for Preliminary Injunction and Temporary Restraining Order. (ECF No. 19). In it, the Court directs the Defendants to "*show cause . . . why an order should not be issued . . . enjoining the . . . Defendants during the pendency of this adversary proceeding from controlling, disposing of, transferring, encumbering or possessing any of the assets transferred pursuant to the TNT Transfer, or occupying the buildings or asserting any interest or control in any of the TNT Leases or infrastructure and assets of the TNT Facility.* (ECF No. 19 at 2-3).

## III. ARGUMENT

The issuance of a preliminary injunction is the exception, not the rule. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (explaining it is "*an extraordinary remedy never awarded as of right*"). "*In each case, courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief.*" Id.

DEFENDANTS DAVID M. CARLSON - 13



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

(internal quotations omitted). "*A plaintiff seeking a preliminary injunction must establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest.*" <u>Id.</u> at 20. In the Ninth Circuit, the plaintiff may show "*serious questions going to the merits were raised and the balance of hardship tips sharply toward the plaintiff's favor.*" <u>Alliance for the Wild Rockies v. Cottrell,</u> 632 F.3d 1127, 1131 (9th Cir. 2011) (described as "*one alternative on a continuum*").

Here, Plaintiff cannot satisfy this burden and a preliminary injunction, an extraordinary remedy, should not issue.

**A.    The Plaintiff is Not Likely to Succeed on the Merits.**

**1.    The Trustee Elected to Not Assume any Lease at the TNT Facility and, as a Matter of Law, They were Rejected.**

Section 365(d)(4) governs the assumption or rejection of an unexpired nonresidential lease of real property:

> [A]n unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of –
>> (i)    the date that is 120 days after the date of the order for relief; or

DEFENDANTS DAVID M. CARLSON - 14



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

> (ii)  the date of the entry of an order confirming
>        a plan.

11 U.S.C. § 365(d)(4)(A).   Pending assumption or rejection, the trustee must timely perform post-petition obligations of the debtor under the lease. 11 U.S.C. § 365(d)(3). *"Lease rejection upon the expiration of the § 365(d)(4) deadline occurs automatically without need for court approval, and once statutory rejection has occurred, that rejection is conclusive."* J & M Food Services, LLC v. Camel Investment L.L.C. (In re J & M Food Services, LLC), 2018 WL 1354335 (BAP March 14, 2018) (unpublished) (quoting Arizona Appetito's Stores, Inc. v. Paradise Village Investment Co. (In re Arizona Appetito's Stores, Inc.), 893 F.2d 216, 219 (9th Cir. 1990)). *"Once the lease is deemed rejected, the debtor must immediately surrender the leased property to the lessor."* Id. (citing Sea Harvest Corp. v. Riviera Land Co., 868 F.2d 1077, 1079 (9th Cir. 1989)). Assumption after notice and motion to assume an executory contract in default is subject to cure and adequate assurance. 11 U.S.C. § 365(b).

Here, the deadline to assume or reject the Commercial Lease between Clever Capital and Giga Watt expired on April 18, 2019. (Main Case, ECF No. 240). The Chapter 11 Trustee neither moved to assume this lease nor filed a motion to extend the deadline, and did not move to

DEFENDANTS DAVID M. CARLSON - 15



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

assume the leases on the other buildings at the TNT Facility. The lapse of the time period within which to assume or reject unexpired nonresidential leases has resulted in rejection. While Plaintiff now disputes that Clever Capital has any interest in the property, such contention does not change the conclusion that any leasehold interest of the debtor in nonresidential real property that was not timely assumed was, consequently, rejected as a matter of law.

Nevertheless, as an attempted end-run around the requirements of 11 U.S.C. § 365, Plaintiff, by this adversary proceeding, demands injunctive and other equitable relief to achieve the same objective: possession of real property subject to leases that were not assumed. In doing so, Plaintiff has attempted to characterize the sublease as a transfer, but this characterization ignores the nature of the lease. By virtue of the lease between TNT Business Complexes, LLC and Enterprise Focus, Enterprise Focus and Mr. Carlson agreed to pay: an additional alteration deposit in the amount of $32,000, estimated costs for prior tenant alterations in the amount of $15,000, and an amount equal to four months rent in the amount of $29,400. In the sublease to Giga Watt, Clever Capital agreed to pay outstanding debt to the Douglas County PUD on behalf of Giga Watt; this amount, coupled with rent in the amount of

DEFENDANTS DAVID M. CARLSON - 16



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa 99201
P 509.321.5930 / F 509.321.5935

$11,600 and rent for November of 2018, equaled the sum of $85,906.00. In lieu of a cash payment, it was proposed that Giga Watt pay by way of miners having a fair market value equal to this sum. The transfer of the leasehold interest in buildings B and H of the TNT Facility was to from Clever Capital to Giga Watt, not the reverse.

Furthermore, irrespective of any transfer, assignment, or assumption of leases by or from Mr. Carlson of buildings A and C to Giga Watt, TNT Business Complexes, LLC ultimately looks to Mr. Carlson to satisfy past and ongoing obligations under the original leases. While Plaintiff argues that these Defendants are "*interfering with the Trustee's efforts to re-open operations at the TNT Facility,*" these Defendants are not to blame for any difficulty of the Chapter 11 Trustee to reach a deal that includes TNT Business Complexes, LLC. (ECF No. 2 at 3).

### 2. Mr. Carlson Resigned as CEO.

Plaintiff portrays Mr. Carlson as a fiduciary that controlled Giga Watt at all material times. Mr. Carlson, however, resigned in writing as CEO of Giga Watt, effective on or before August 12, 2018. The lease of buildings B and H to Giga Watt was executed after this date. Giga Watt control rested in Andrey Kuzenny, Leonid Markin, and/or Eduard Khaptekhev. The petition itself underscores this fact and Mr. Carlson was not involved in

DEFENDANTS DAVID M. CARLSON - 17



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

filing of the petition commencing the underlying case. (Main Case, ECF No. 1).

### 3. The Power Contract Was Not Effectively Transferred.

To obtain the temporary restraining order, Plaintiff argued there was an "*obvious and blatant mismatch between the assets transferred, which includes the Debtor's 3MW power contract with the Douglas County Public Utility District and the obligations occurred*" (sic). (ECF No. 2 at 5). As the Plaintiff is aware, however, the contract with the Douglas County PUD was not effectively transferred and Enterprise Focus, Mr. Carlson, and Clever Capital have not interfered with any power contract. Any rights of the Debtor in and to the power contract is an issue between it and the PUD.

### 4. Mr. Carlson Owns Personal Property Located at the TNT Facility.

The Order to Show cause enjoins Defendants from, without limitation, "*asserting any interest or control in . . . infrastructure and assets of the TNT Facility.*" (ECF No. 9 at 2-3). However, Mr. Carlson has personal property located at the TNT Facility and Plaintiff has not adequately identified the property subject to ongoing injunctive relief, generally, or what "*assets of the TNT Facility*" include.

DEFENDANTS DAVID M. CARLSON - 18



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## B. Irreparable injury is Not Likely and an Adequate Remedy at Law Exists.

Plaintiff has not and cannot "*demonstrate that irreparable harm is* ***likely*** *in the absence of an injunction.*" <u>Winter</u>, 555 U.S. at 22 (emphasis added). Plaintiff will not suffer irreparable injury were a preliminary injunction to not issue. Plaintiff's argument to the contrary presupposes it will be able to negotiate some deal with not only the TNT Business Complex, LLC/Thompsons but also with the Douglas County PUD, something it has not attempted to demonstrate is likely or even possible. Consequently, it has not made any showing that it has the ability and cooperation of third parties to continue operations at this location. Accordingly, any contention of irreparable injury does not rise above mere speculation. Further, it has an adequate remedy at law: damages.

## C. Balance of Equities Tips Sharply in Defendants' Favor.

Here, the balance of the equities tips sharply in these Defendants' favor. Issuance of a preliminary injunction would be fundamentally unfair. Clever Capital has ongoing obligations that it owes to TNT Business Complex, LLC under the commercial lease. TNT Business Complex, LLC/Thompsons look to Enterprise Focus, Mr. Carlson, and/or Clever Capital to satisfy obligations in connection with the lease

DEFENDANTS DAVID M. CARLSON - 19



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

agreements. Contemporaneously, the Trustee elected to not assume the leases—irrespective of whom Plaintiff contends is the landlord—and, nevertheless, demands possession of the property without paying for it.

Additionally, a preliminary injunction may force Clever Capital to breach the lease with TNT Business Complexes, LLC. For example, abandonment is an event of default under that lease:

> 13.1.3    ***Abandonment of Leased Premises***.
> *Tenant fails to occupy or use the Leased Premises for the purpose permitted by this Lease for a total of twenty (20) consecutive business days or more during the Lease Term, unless such failure is excused under other provisions of this lease.*

It is fundamentally inequitable for Clever Capital to be deprived of the right of possession under the lease with TNT Business Complexes, LLC while it has a concurrent obligation to perform, including to pay, under the lease. While the Plaintiff has contended that "*Defendant Carlson will be able to assert monetary damages*" such that "*the balance of hardship tips sharply in*" Plaintiff's "*favor*" (ECF No. 2 at 7), such contention presupposes that the estate will have funds sufficient to satisfy the full amount of damages.

DEFENDANTS DAVID M. CARLSON - 20

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## D.   Preliminary Injunction would not Further any Public Interest.

To obtain the temporary restraining order, Plaintiff contended that "*enjoining the Defendants is in the public interest*" because "*[i]t will uphold the integrity of the bankruptcy process by preventing last minute asset grabs.*" (ECF No. 2 at 7).  This contention, however, ignores the nature of the sublease agreement.  Rather than making some "*asset grab*," after resigning as CEO from Giga Watt, Mr. Carlson assisted and, indeed, enabled Giga Watt to maintain its ongoing operations at the TNT Facility and, further, to keep the power on at that location by, for example, providing the funds to satisfy certain financial obligations of Giga Watt to the Douglas County PUD. Furthermore, the "*integrity of the bankruptcy process*" is not upheld and, rather, equity is disserved when used as an end-run around 11 U.S.C. § 365.  Therefore, the preliminary injunction would not further any public interest, and should not issue.

## IV.   CONCLUSION

For the reasons set forth above, and based on evidence and argument to be presented at the show cause hearing set for May 23, 2019, Defendants David M. Carlson, Enterprise Focus, Inc., and Clever Capital, LLC respectfully request that a preliminary injunction not be issued and

DEFENDANTS DAVID M. CARLSON - 21



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

that, rather, the Court grant these Defendants such relief as may be deemed just and equitable under the circumstances including, without limitation, attorney's fees and cost.

DATED this 16th day of May 2019.

PISKEL YAHNE KOVARIK, PLLC


/s/ Benjamin J. McDonnell
JASON T. PISKEL, WSBA #35398
jtp@pyklawyers.com
BENJAMIN J. MCDONNELL, WSBA #45547
ben@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 West Riverside Ave., Suite 700
Spokane, WA 99201
Telephone: (509) 321-5930
Facsimile: (509) 321-5935

*Attorneys for David M. Carlson, Enterprise Focus, Inc., and Clever Capital, LLC*

DEFENDANTS DAVID M. CARLSON - 22



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935