JASON T. PISKEL, WSBA #35398
Email: jtp@pyklawyers.com
BENJAMIN J. MCDONNELL, WSBA #45547
Email: ben@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 West Riverside Ave., Suite 700
Spokane, WA 99201
Telephone: (509) 321-5930
Facsimile: (509) 321-5935

*Attorneys for David M. Carlson,
Enterprise Focus, Inc., and Clever Capital, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197-FPC11 |
| GIGA WATT, INC., | **Adv. No. 19-80012-FPC** |
| Debtor. | Chapter 11 |
| MARK D. WALDRON, in his capacity as the duly-appointed Chapter 11 Trustee, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DAVID M. CARLSON, ENTERPRISE FOCUS, INC. AND CLEVER CAPITAL, LLC'S: (1) MOTION IN LIMINE AND FOR STATUS CONFERENCE, AND (2) MOTION TO REDUCE TIME TO OBJECT** |
| Plaintiff, | |
| v. | |
| DAVID M. CARLSON and JANE DOE 1, individually and on behalf of the marital estate; ENTERPRISE FOCUS, INC., a Washington corporation; CLEVER CAPITAL, LLC, a Washington limited liability company; JEFFREY FIELD; | |

DEFENDANTS' MEMORANDUM - 1

ROB TRAVIS; and JANE DOES )
2 through 15, )
)
Defendants. )

## I. INTRODUCTION

Defendants David M. Carlson ("Mr. Carlson"), Enterprise Focus, Inc. ("Enterprise Focus"), and Clever Capital, LLC ("Clever Capital") respectfully request that the Court grant their motions in limine to exclude certain documents and testimony, for a status conference, and to reduce the time to object and respond to the relief requested to **on or before May 21, 2019**.  Defendants respectfully submit their motions to preclude the presentation of documentary evidence and testimony that is irrelevant and, thus, inadmissible, and that may confuse the issues, waste time, or delay the show cause hearing.  Furthermore, a status conference is appropriate to determine the sequence and timing of witnesses and to accommodate the schedules of those individuals including witnesses whom may need to make travel arrangements to attend the hearing.

DEFENDANTS' MEMORANDUM - 2



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

19-80012-FPC    Doc 45    Filed 05/20/19    Entered 05/20/19 21:03:50    Pg 2 of 13

## II. BACKGROUND

1. On April 22, 2019, the Plaintiff Mark D. Waldron, in his capacity as Chapter 11 Trustee ("Plaintiff" or "Chapter 11 Trustee") commenced this proceeding by filing a Verified Complaint. (ECF No. 1). That same day, Plaintiff filed an Emergency Application for Order to Show Cause for Temporary Restraining Order and Preliminary Injunction. (ECF No. 2). The term "*TNT Transfer*" is described and defined in the Verified Complaint as follows: "*Defendant Carlson and Defendant Clever Capital also falsely purported to create a landlord-tenant relationship between Defendant Clever Capital and the Debtor . . . . the 'TNT Transfer,' . . . attached . . . as Exhibit E*" to the Verified Complaint. (ECF No. 1 at 10-11); (ECF No. 1-5). The term "*TNT Facility*" is defined in the Verified Complaint as "*five buildings and related infrastructure and includes Buildings A, B, C, and H and an office,*" in "*Wenatchee, Washington.*" (ECF No. 1 at 6-7). The term "*TNT Leases*" is defined in the Verified Complaint as follows:

> *The Trustee is informed . . . and therefore believes, that (i) Defendant Enterprise leased from the TNT Landlord, Buildings A and C of the TNT Facility, (ii) Defendant Carlson leased from the TNT Landlord, Buildings B and H of the TNT Facility, and (iii) either Defendant Carlson and/or Defendant Enterprise leased from the TNT Landlord the office located on the TNT Facility (collectively, the "TNT Leases").*

DEFENDANTS' MEMORANDUM - 3



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

(ECF No. 1 at 8-9).

2.     On April 25, 2019, the Court entered an Order to Show Cause for Preliminary Injunction and Temporary Restraining Order. (ECF No. 11). On April 30, 2019, the Court entered an Amended Order to Show Cause for Preliminary Injunction and Temporary Restraining Order. (ECF No. 19). In it, the Court set May 23, 2019 at 10:00 a.m. as the date and time for Defendants to show cause why a preliminary injunction should not issue and set May 16, 2019 as the deadline for parties to submit witness and exhibit lists. (Id.). The Court ordered: "*Defendants are temporarily retrained (sic) and enjoined from controlling, disposing of, transferring, encumbering or possessing any of the assets transferred **pursuant to the TNT Transfer**, or occupying the buildings or asserting any interest or control in any of the **TNT Leases** or assets of the **TNT Facility** until May 23, 2019, . . . .*" (ECF No. 19 at 3) (emphasis added).

3.     On May 16, 2019, Plaintiff filed his Amended Exhibit List (ECF No. 39). In it, Plaintiff identified the following exhibits, in pertinent part:

DEFENDANTS' MEMORANDUM - 4

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

| Marked | Exhibit Description |
|---|---|
| 7 | 6.6.18 Letter from WSGR to SEC |
| 8 | 3.29.18 Ltr: WSGR to D. Carlson (Balestra) |
| 9 | 3.29.18 Ltr: WSGR to D. Carlson (Moss) |
| 10 | 4.19.18 Ltr: WSGR to D. Carlson (SEC) |
| 35 | Altered Silicon Website - Screenshots |
| 36 | 1.15.19 Carlson Interview – Altered Silicon |
| 37 | 1.30.19 Carlson Interview – Altered Silicon |

4. On May 16, 2019, Plaintiff filed his Witness List (ECF No. 38) and Mr. Carlson, Enterprise Focus, and Clever Capital filed their Witness List. (ECF No. 35). The following witnesses have been identified: David M. Carlson, George Turner, Kelly Thompson, Heather Mulhall, Mark Waldren, Doug Pratt, Lauren Miehe, Darel Thompson, and Vanessa Pierce Rollins. (ECF Nos. 35, 38). It is anticipated that witnesses may need to travel from outside of Spokane, Washington to appear at the show cause hearing. (McDonnell Decl. ¶ 9)[1].

---

[1] Citations to "McDonnell Decl." refer to the Declaration of Benjamin J. McDonnell in Support of Defendants David M. Carlson, Enterprise Focus, Inc. and Clever Capital, LLC's: (1) Motion in Limine and for Status Conference and (2) Motion to Reduce Time to Object.

DEFENDANTS' MEMORANDUM - 5



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## III.  ARGUMENT

**A.  <u>Motions in Limine</u>.**

"*[P]retrial motions in limine are committed to the Court's 'broad discretion.*'" <u>Zazzali v. Goldsmith (In re DBSI Inc.)</u>, 2018 WL 626167 (Bankr. D. Idaho, Jan. 30, 2018) (unpublished) (citing <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137, 152-53 (1999)).  Motions in limine are appropriate, for example:

> *(1) to obtain a ruling admitting evidence, (2) to obtain a ruling excluding evidence, (3) to obtain a direction to opposing counsel and to witnesses called by opposing counsel not to bring certain matters to the attention of the jury, (4) to obtain a ruling requiring that a matter be raised with the court again at trial before being exposed to the jury in any form, and (5) to educate the court concerning a particular matter in the hope of obtaining a favorable ruling at trial if the court declines to rule upon the motion in limine in advance of the trial.*

<u>Id</u>. (quoting Hon. Barry Russell, Bankruptcy Evidence Manual § 103.8 at 29 (2017-18 ed.)); <u>see</u> <u>Mixed Chicks LLC v. Sally Beauty Supply LLC</u>, 879 F.Supp.2d 1093 (C.D. Cal. 2012) (enumerating additional reasons to file motions in limine including to assist the court in performing its "'*gatekeeping*' duty," "*help trial planning and save travel and other expenses*," and address "*evidentiary issue[s] outside the pressure and parameters of a trial*"); Fed. R. Bankr. P. 1001 (rules to be "*construed,*

DEFENDANTS' MEMORANDUM - 6



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

*administered, and employed . . . to secure the just, speedy, and inexpensive determination of every case and proceeding"*).

1. **Plaintiff's Exhibit No. 7.** [Letter dated June 6, 2018, from Wilson Sonsini Goodrich & Rosati, P.C. to United States Securities and Exchange Commission].

Fed. R. Evid. 401 (evidence relevant only if it has "*any tendency to make a fact more or less probable than it would be without the evidence*" and "*the fact is of consequence in determining the action*"); Fed. R. Evid. 402 ("*Irrelevant evidence is not admissible*"); Fed. R. Evid. 403 ("*court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, . . . undue delay, wasting time, or needlessly presenting cumulative evidence.*" (emphasis added)). Here, this letter to the United States Securities and Exchange Commission ("SEC"), and any document or testimony surrounding any initial coin offering ("ICO"), lack any bearing on the issue of whether a preliminary injunction should issue. Furthermore, presentation of this exhibit would risk confusing the issues, would result in undue delay, and would waste time. Therefore, the same should be excluded from evidence at the show cause hearing.

DEFENDANTS' MEMORANDUM - 7



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

**2. Plaintiff's Exhibit No. 8 [Letter dated March 29, 2018, from Wilson Sonsini Goodrich & Rosati, P.C. to David Carlson]; Plaintiff's Exhibit No. 9 [Letter dated March 29, 2018 from Wilson Sonsini Goodrich & Rosati, P.C. to David Carlson]; and Plaintiff's Exhibit No. 10 [Letter dated April 19, 2018 from Wilson Sonsini Goodrich & Rosati, P.C. to David Carlson re: SEC Investigation].**

Fed. R. Evid. 401 (test for relevant evidence); Fed. R. Evid. 402 (admissibility of relevant evidence); Fed. R. Evid. 403 (excluding relevant evidence for prejudice, confusion, waste of time, or other reasons). Here, the engagement letter from Wilson Sonsini Goodrich & Rosati, P.C. regarding ICO class litigation captioned Balestra v. Giga Watt, Inc. et al., 2:17-cv-00438-SMJ (E.D. Wash), the engagement letter from that firm regarding "*ICO Litigation*" captioned Moss v. Giga Watt, Inc. et al., 2:18-00100-SMJ (ED Wash.), and the letter from that firm regarding an "*SEC Investigation*," do not make any fact of consequence at the show cause hearing more or less probable than in the absence of these documents; they are not relevant. Additionally, presentation of any or all of these exhibits would confuse the issues, delay the hearing, and waste time. Thus, the same should be excluded from evidence at the show cause hearing.

DEFENDANTS' MEMORANDUM - 8

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

3. **Plaintiff's Exhibit No. 35. [*"Altered Silicon Website – Screenshots."*]** Fed. R. Evid. 401 (test for relevant evidence); Fed. R. Evid. 402 (admissibility of relevant evidence); Fed. R. Evid. 403 (excluding relevant evidence for prejudice, confusion, waste of time, or other reasons). Here, someone's "*screenshots*" regarding a company known as "*Altered Silicon*" have no bearing on the facts at issue before the Court at the show cause hearing and this exhibit, and any testimony concerning Altered Silicon, would confuse the issues, delay the hearing, and waste time. Altered Silicon is not a party. Therefore, the same should be excluded from evidence at the show cause hearing.

4. **Plaintiff's Exhibit No. 36. [*"1.15.19 Carlson Interview – Altered Silicon"*] and Plaintiff's Exhibit No. 37. [*"1.30.19 Carlson Interview – Altered Silicon."*].**

Fed. R. Evid. 401 (test for relevant evidence); Fed. R. Evid. 402 (admissibility of relevant evidence); Fed. R. Evid. 403 (excluding relevant evidence for prejudice, confusion, waste of time, or other reasons). Here, the purported "*interview[s]*" of, or online news articles regarding, Mr. Carlson or Altered Silicon are immaterial to the issue of whether a preliminary injunction should issue and presentation of the same would confuse the issues, delay the hearing, and waste time. Therefore, the same should be excluded from evidence at the show cause hearing.

DEFENDANTS' MEMORANDUM - 9



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## 5. Any Testimony and Argument of Attorney-Client Privileged Communications with Vanessa Pierce Rollins.

Fed. R. Evid. 501 (privilege generally); Fed. R. Evid. 502 (Attorney-Client Privilege). Here, Plaintiff has identified Vanessa Rollins as a witness. She has represented Mr. Carlson and entities in which he has had an interest. The privilege is <u>not</u> waived but is, rather, asserted and preserved. Nevertheless, it is anticipated that Plaintiff may attempt to examine Ms. Rollins in a manner that may impede upon the attorney-client privilege including, specifically, but without limitation, inquiry regarding confidential communications between she and Mr. Carlson, Enterprise Focus, Inc., and/or Clever Capital. An order narrowing the scope of examination to exclude such privileged communications is appropriate.

## 6. Any Testimony Regarding Altered Silicon, SEC Investigation, Class Action, ICO Litigation, and any Non-Compete.

Fed. R. Evid. 402 (test for relevant evidence); Fed. R. Evid. 402 (admissibility of relevant evidence); Fed. R. Evid. 403 (excluding relevant evidence for prejudice, confusion, waste of time, or other reasons). Here, for the reasons set forth above, any examination concerning Altered Silicon, any SEC investigation, ICO litigation, or class action, and any non-

DEFENDANTS' MEMORANDUM - 10



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

19-80012-FPC    Doc 45    Filed 05/20/19    Entered 05/20/19 21:03:50    Pg 10 of 13

compete, lacks relevance and would confuse the issues, delay the hearing, and waste time. Therefore, the same should be excluded at the hearing.

**B.    Status Conference.**

A status conference is requested for purposes of scheduling the timing, addressing the substantive issues, and determining the presentation of witnesses and evidence at the show cause hearing presently set for May 23, 2019. It is anticipated that witnesses will be required to travel from outside of Spokane, Washington to appear at the hearing. Further, Plaintiff has identified numerous witnesses and documents to present at the show cause hearing. A status conference is appropriate and necessary to facilitate and effectuate the efficient use of time and resources of the parties, their witnesses, and the Court, by addressing the foregoing.

**C.    Reduced Time to Object and Respond.**

Defendants request that the Court shorten the time period within which to object and respond, **to on or before May 21, 2019**. Such reduced time is appropriate and necessary given the brief period of time between filing of witness and exhibit lists, May 16, 2019, and the time set for the show cause hearing, May 23, 2019. Defendants filed their Motion in Limine, for Status Conference, and to Reduce Time promptly after the parties filed witness and exhibit lists. Reducing the time to object and

DEFENDANTS' MEMORANDUM - 11



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

respond would not prejudice Plaintiff; notably, as Plaintiff has previously recognized, *"[d]eadlines are fast approaching."* (ECF No. 23 at 6). Accordingly, reducing the time to object and respond is appropriate and necessary under the circumstances.

## IV. CONCLUSION

For the reasons set forth above, Defendants David M. Carlson, Enterprise Focus, Inc. and Clever Capital, LLC respectfully request that the Court grant their Motion in Limine and for Status Conference, and to Reduce Time to Object, that it set such time to object or respond to **on or before May 21, 2019**, that it set a status conference on the show cause hearing, that it enter a written order granting relief as set forth herein, and that the Court grant such other and further relief as it may deem appropriate under the circumstances.

*[Date and Signature Follow at Next Page]*

DEFENDANTS' MEMORANDUM - 12



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

DATED this 20th day of May 2019.

                PISKEL YAHNE KOVARIK, PLLC

/s/ Benjamin J. McDonnell
JASON T. PISKEL, WSBA #35398
Email: jtp@pyklawyers.com
BENJAMIN J. MCDONNELL, WSBA #45547
Email: ben@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 West Riverside Ave., Suite 700
Spokane, WA 99201
Telephone: (509) 321-5930
Facsimile: (509) 321-5935

*Attorneys for Defendants David M. Carlson,*
*Enterprise Focus, Inc. and Clever Capital, LLC*

DEFENDANTS' MEMORANDUM - 13



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935