Pamela M. Egan, WSBA No. 54736 (*phv*)
William R. Firth, III (admitted *pro hac vice*)
CKR Law LLP
506 2nd Avenue, Suite 1400
Seattle, WA 98114
Telephone: (415) 297-0132
Facsimile: (206) 582-5001
Email: pegan@ckrlaw.com

*Attorneys for Mark D. Waldron, Chapter 11 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>GIGA WATT, Inc., a Washington corporation,<br><br>    Debtor.<br><br>MARK D. WALDRON, in his capacity as the duly-appointed Chapter 11 Trustee,<br><br>vs.<br><br>DAVID M. CARLSON and JANE DOE 1, individually and on behalf of the marital estate, ENTERPRISE FOCUS, INC., a Washington corporation, CLEVER CAPITAL, LLC, a Washington LLC, JEFFREY FIELD, ROB TAVIS, JOHN DOES 1 THROUGH 15 | Case No. 18-03197<br><br>The Honorable Frederick P. Corbit<br><br>Chapter 11<br><br>Adv. P. No. 19-80012<br><br>**CHAPTER 11 TRUSTEE'S RESPONSE TO DEFENDANTS DAVID M. CARLSON, ENTERPRISE FOCUS, INC. AND CLEVER CAPITAL LLC'S: (1) MOTION IN LIMINE AND FOR STATUS CONFERENCE, AND (2) MOTION TO REDUCE TIME TO OBJECT**<br><br>**Telephonic hearing:**<br>**May 22, 2019 at 10:30 a.m.** |

Mark D. Waldron, in his capacity as the duly-appointed Chapter 11 Trustee in the above-captioned bankruptcy and as the plaintiff in the above-captioned

Chapter 11 Trustee's Response to Motion in Limine - Page 1

adversary proceeding (the "Trustee" or "Plaintiff"), hereby responds (the "Response") to the *Defendants David M. Carlson, Enterprise Focus, Inc. and Clever Capital LLC's: (1) Motion in Limine and for Status Conference and (2) Motion to Reduce Time to Object*, filed on May 20, 2019 [Doc. No. 45] (the "Motion"). Unless otherwise defined herein, capitalized terms used in this Response have the meanings ascribed to them in the Verified Complaint, filed on April 22, 2019 [AP Docket No. 1].

## **RESPONSE**

Relevance is best determined at the hearing where other evidence and witness testimony provide context. Nonetheless, this Response previews some of the evidence in order to show relevance.

The Trustee does not intend to call Ms. Rollins as a witness at the Show Cause hearing scheduled for May 23, 2019 at 10:00 a.m. Therefore, that portion of the Motion should be denied as moot.

**A.     Mr. Carlson's Knowledge of the Pending Securities Litigation and of the SEC Investigation of the Initial Coin Offering Is Relevant.**

The Wilson Sonsini representation letters (Exhibits 8, 9, and 10) show that at the time of the TNT Transfer, Defendant Carlson knew that the Debtor was the subject of litigation alleging violations of the U.S. securities laws. He also knew that Giga Watt was the subject of an investigation by the Securities and Exchange Commission relating to the Initial Coin Offering that Mr. Carlson oversaw as a Founder, Chief Executive Officer, and Director of Giga Watt.

Section 548 of the Bankruptcy Code states in pertinent part:

> (2) For the purposes of this subsection, a transfer includes a transfer made in anticipation of any money judgment, settlement, civil penalty, equitable order, or criminal fine incurred by, or which the debtor believed would be incurred by—
>
> > (A) any violation of the securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47))), any State securities laws, or any regulation or order issued under Federal securities laws or State securities laws; or
> >
> > (B) fraud, deceit, or manipulation in a fiduciary capacity or in connection with the purchase or sale of any security registered under section 12 or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. 78l and 78o(d)) or under section 6 of the Securities Act of 1933 (15 U.S.C. 77f).

11 U.S.C. 548(e)(2). Therefore, the existence of both the securities litigation and the SEC investigation goes to probability of success on the merits and serious question regarding the Trustee's claim that the TNT Transfer Agreement is an avoidable fraudulent transfer.

The Motion does not explain how the probative value of the foregoing "is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Therefore, the request to exclude Exhibits 7 through 10 should be denied.

Accordingly, the Motion should be denied.

**B.      Mr. Carlson's Status as a Founder of Giga Watt Since Its Inception.**

The letters, Exhibits 7, 8, 9, and 10, show Mr. Carlson's special relationship with the Debtor as a Founder and Chief Executive Offer. In particular, Exhibit 7 shows that Mr. Carlson has been with Giga Watt since its inception. The existence

of a special relationship with the Debtor is a classic badge of fraud that is relevant to the Trustee's fraudulent transfer claims. As the Ninth Circuit has stated:

> [a]mong the more common circumstantial indicia of fraudulent intent at the time of the transfer are: (1) actual or threatened litigation against the debtor; (2) a purported transfer of all or substantially all of the debtor's property; (3) insolvency or other unmanageable indebtedness on the part of the debtor; (4) a special relationship between the debtor and the transferee; and, after the transfer, (5) retention by the debtor of the property involved in the putative transfer.

*Acequia, Inc. v. Clinton (In re Acequia, Inc.),* 34 F.3d 800, 806 (9th Cir.1994) (emphasis omitted) (quoting *Max Sugarman Funeral Home, Inc. v. A.D.B. Investors*, 926 F.2d 1248, 1254–55 (1st Cir.1991)). *Accord In re Huber*, 493 B.R. 798, 811–12 (Bankr. W.D. Wash. 2013). Therefore, the evidence is relevant.

The Motion does not explain how the probative value of these badges of fraud is substantially outweighed by a danger of prejudice, confusion or delay.

Accordingly, the Motion should be denied.

**C.    Mr. Carlson's New Business and Efforts to Solicit Giga Watt's Clients Are Relevant.**

The evidence will raise a serious question that post-petition, Mr. Carlson tried to convince the Douglas County Public Utility District to terminate its power contract with Giga Watt and re-direct the power to his new business, Altered Silicon, Inc., at the TNT Facility. Similarly, the evidence will raise a serious question that post-petition Mr. Carlson pitched a joint venture with one of Giga Watt's clients and offered the TNT Facility as his contribution to that joint venture. Exhibits 35, 36 and 37 relate to Altered Silicon, Inc.

Chapter 11 Trustee's Response to Motion in Limine  - Page 4

This evidence, along with other evidence to be presented, shows how Mr. Carlson has attempted to carve out the TNT Facility from the bankruptcy and take it over for his personal gain. The Trustee seeks a preliminary injunction to prevent this from occurring in order to avoid irreparable damage to the estate pending final judgment in this proceeding.

The Motion does explain how the probative value of the foregoing evidence is substantially outweighed by the danger of prejudice, confusion or delay.

Accordingly, the Motion should be denied.

**D. The Trustee does not intend to call Ms. Rollins.**

The Trustee's arguments regarding Ms. Rollins are moot.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court deny the Motion in its entirely.

Dated: May 21, 2019     CKR LAW LLP

     ___/s/ Pamela M. Egan_____
     Pamela M. Egan

     *Attorneys for Mark D. Waldron,
     Chapter 11 Trustee*

Chapter 11 Trustee's Response to Motion in Limine - Page 5