JASON T. PISKEL, WSBA #35398
Email: jtp@pyklawyers.com
BENJAMIN J. MCDONNELL, WSBA #45547
Email: ben@pyklawyers.com
PISKEL YAHNE KOVARIK, PLLC
522 West Riverside Ave., Suite 700
Spokane, WA 99201
Telephone: (509) 321-5930
Facsimile: (509) 321-5935

*Attorneys for David M. Carlson, Jane Doe 1,
Enterprise Focus, Inc., and Clever Capital, LLC*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | Case No. 18-03197-FPC11 |
| GIGA WATT, INC., | **Adv. No. 19-80012-FPC** |
| Debtor. | Chapter 11 |
| _____ | **DEFENDANTS' ANSWER TO VERIFIED COMPLAINT** |
| MARK D. WALDRON, in his capacity as the duly-appointed Chapter 11 Trustee, | |
| Plaintiff, | |
| v. | |
| DAVID M. CARLSON and JANE DOE 1, individually and on behalf of the marital estate; ENTERPRISE FOCUS, INC., a Washington corporation; CLEVER CAPITAL, LLC, a Washington limited liability | |

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 1

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa 99201
P 509.321.5930 / F 509.321.5935

company; JEFFREY FIELD; )
ROB TRAVIS; and JANE DOES )
2 through 15, )
)
Defendants. )

Defendants David M. Carlson ("Defendant Carlson"), Jane Doe 1, Enterprise Focus, Inc. ("Defendant Enterprise Focus"), and Clever Capital, LLC ("Defendant Clever Capital") (collectively "Defendants"), by and through their attorneys of record, Piskel Yahne Kovarik, PLLC, admit, deny, and allege as follows:

## **INTRODUCTORY STATEMENT**

1.     In answer to paragraph 1 of the Verified Complaint, the allegations contained in this paragraph do not require an answer. To the extent an answer is required, Defendants, deny.

2.     In answer to paragraph 2 of the Verified Complaint, Defendants admit that George Turner, on behalf of Giga Watt, Inc. ("Giga Watt"), executed a document with Defendant Clever Capital that is described as a Commercial Lease dated November 16, 2018, and that such document speaks for itself. To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 2



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935

3.    In answer to paragraph 3 of the Verified Complaint, Defendants admit that George Turner, on behalf of Giga Watt, executed a document with Clever Capital dated November 16, 2018 that is described as a Commercial Lease dated November 16, 2018, and admits to the extent that such document speaks for itself.  The term "*took possession*" is vague as to the conduct alleged such that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of this paragraph and, therefore, deny the same.  To the extent not expressly admitted, Defendants deny.

4.    In answer to paragraph 4 of the Verified Complaint, Defendants admit that Clever Capital filed a claim in the underlying bankruptcy case, which proof of claim speaks for itself.  To the extent not expressly admitted, Defendants deny.

5.    In answer to paragraph 5 of the Verified Complaint, Defendants admit that the position has been taken that the Commercial Lease between Giga Watt and Clever Capital had been rejected because it was not assumed within the time required. Defendants deny the remaining allegations contained in this paragraph.

6.    In answer to paragraph 6 of the Verified Complaint, Defendants deny.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 3



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935

7. In answer to paragraph 7 of the Verified Complaint, the allegations contained in this paragraph do not require an answer. To the extent an answer is required, Defendants admit that the prayer for relief speaks for itself. To the extent not expressly admitted, Defendants deny. Defendants specifically deny the allegation that the Plaintiff is entitled to any relief against them.

8. In answer to paragraph 8 of the Verified Complaint, the allegations contained in this paragraph as to what the "*Trustee seeks*" do not require an answer. To the extent an answer is required to such allegation, Defendants deny that the Plaintiff is entitled to any relief. To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

9. In answer to paragraph 9 of the Verified Complaint, the allegations contained in this paragraph do not require an answer. To the extent an answer is required to the allegation pertaining to what the "*Trustee seeks*," the prayer for relief in the Verified Complaint speaks for itself and Defendants deny that Plaintiff is entitled to any relief. Defendants specifically deny any "*fraudulent, obstreperous, and obstructionist conduct.*" To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 4



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa 99201
P 509.321.5930 / F 509.321.5935

## **THE PARTIES**

10.    In answer to paragraph 10 of the Verified Complaint, Defendants admit that Giga Watt was incorporated under the laws of Washington with a formation/registration date of on or about December 15, 2016.  To the extent not expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the same.

11.    In answer to paragraph 11 of the Verified Complaint, Defendants admit.

12.    In answer to paragraph 12 of the Verified Complaint, Defendants admit that David M. Carlson is a resident of the state of Washington and that he is a shareholder of Defendant Enterprise Focus, Inc.  Defendants deny that David M. Carlson is the sole member of Defendant Clever Capital. The last sentence of this paragraph does not require an answer.  To the extent an answer is required, Defendants deny the remaining allegations of this paragraph.

13.    In answer to paragraph 13 of the Verified Complaint, the allegations contained in this paragraph state legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that Defendant Carlson has had the title of Chief Executive Officer

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 5



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935

19-80012-FPC    Doc 71    Filed 06/06/19    Entered 06/06/19 16:08:43    Pg 5 of 33

of Giga Watt but deny that he has held any such title or position "*[a]t all material times*." Defendants admit that Defendant Carlson was believed to be or to have been a minority shareholder. Defendants deny the allegations of the last sentence of this paragraph and deny the allegations as to fiduciary duties. To the extent not expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the same.

14. In answer to paragraph 14 of the Verified Complaint, Defendants admit that Defendant Enterprise filed an Application for Profit Corporation with the Washington Secretary of State on May 1, 2009 and that it was administratively dissolved in October 2018.

15. In answer to paragraph 15 of the Verified Compliant, Defendants admit that CryptoMatrix Holdings, LLC is a limited liability company formed under the laws of the state of Washington on or about December 2, 2015. Defendants admit that on or about January 30, 3018, CryptoMatrix Holdings, LLC changed its name to Clever Capital LLC according to a filing with the Washington Secretary of State signed by Defendant Carlson. To the extent not expressly admitted, Defendants deny.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 6



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935

16.    In answer to paragraph 16 of the Verified Complaint, Defendants admit.

17.    In answer to paragraph 17 of the Verified Complaint, Defendants admit.

18.    In answer to paragraph 18 of the Verified Complaint, the allegations contained in this paragraph do not require an answer.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the same.

## **CHRONOLOGY**

19.    In answer to paragraph 19 of the Verified Complaint, Defendants incorporate by reference the answers set forth above as if fully set forth herein.

20.    In answer to paragraph 20 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants admit only that the Bill of Sale and Assignment and Assumption Agreement speaks for itself.  To the extent not expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the same.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 7



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935

21.    In answer to paragraph 21 of the Verified Complaint, Defendants admit that business was conducted under the name MegaBigPower.  To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

22.    In answer to paragraph 22 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required.  To the extent an answer is required, the Bill of Sale and Assignment and Assumption Agreement speaks for itself.  To the extent not expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the same.

23.    In answer to paragraph 23 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants admit that Defendant Carlson and Defendant Enterprise signed a document with the title "Addendum" and deny that Defendant Carlson and Defendant Enterprise signed such document on January 15, 2017; Defendants admit that such document speaks for itself.  To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 8

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935

24.    In answer to paragraph 24 of the Verified Complaint, Defendants admit that MegaBigPower ran two crypto-mining facilities including one at Moses Lake, Washington and one—the TNT Facility—located in East Wenatchee, Washington.  To the extent not expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the same.

25.    In answer to paragraph 25 of the Verified Complaint, Defendants admit that the TNT Facility is comprised of A, B, C, and H. The term "*office*" is vague and ambiguous as used in this allegation; consequently, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, deny the same.

26.    In answer to paragraph 26 of the Verified Complaint, Defendants admit only that the Sale and Assignment Agreement speaks for itself.  To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 9



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935

27.    In answer to paragraph 27 of the Verified Complaint, Defendants admit only that the Sale and Assignment Agreement speaks for itself.  To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

28.    In answer to paragraph 28 of the Verified Complaint, Defendants admit only that the Sale and Assignment Agreement speaks for itself.  To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

29.    In answer to paragraph 29 of the Verified Complaint, Defendants admit only that the Sales and Assignment Agreement speaks for itself.  To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

30.    In answer to paragraph 30 of the Verified Complaint, Defendants admit only that the Sales and Assignment Agreement speaks for itself.  To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

31.    In answer to paragraph 31 of the Verified Complaint, Defendants admit only that the Sales and Assignment Agreement speaks for itself.  To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 10



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935

32.     In answer to paragraph 32 of the Verified Complaint, Defendants admit only that the Sales and Assignment Agreement speaks for itself.  To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

33.     In answer to paragraph 33 of the Verified Complaint, the allegations contained in this paragraph state legal conclusions to which no answer is required.  To the extent an answer is required, Defendants admit that Defendant Carlson signed written leases for Buildings A, B, C, and H, and admit to the extent that such written leases speak for themselves.  Defendants admit that Defendant Carlson and/or Defendant Enterprise had leased the Eller Street House/Office. To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

34.     In answer to paragraph 34 of the Verified Complaint, Defendants deny.

35.     In answer to paragraph 35 of the Verified Complaint, Defendants admit that, on July 11, 2017, an Annual Report of Defendant Enterprise was filed, which Annual Report speaks for itself. To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 11



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935

36.    In answer to paragraph 36 of the Verified Complaint, Defendants deny.

37.    In answer to paragraph 37 of the Verified Complaint, Defendants deny.

38.    In answer to paragraph 38 of the Verified Complaint, Defendants admit that, on behalf of Giga Watt, Defendant Carlson signed a contract with the Douglas County Public Utility District No. 1, dated April 30, 2018, and that the Public Utility District No. 1 of Douglas County signed the same, dated May 14, 2018, which document speaks for itself.  To the extent not expressly admitted, Defendants deny.

39.    In answer to paragraph 39 of the Verified Complaint, Defendants admit that Defendant Enterprise Focus was administratively dissolved.  Defendants deny the remaining allegations of this paragraph.

40.    In answer to paragraph 40 of the Verified Complaint, Defendants admit that Giga Watt's annual report was filed with the Washington Secretary of State on or about October 25, 2018, which report speaks for itself. To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 12



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

41.    In answer to paragraph 41 of the Verified Complaint, Defendants admit only to the extent that Defendant Clever Capital and Giga Watt entered into a written Commercial Lease dated November 16, 2018, which written Commercial Lease speaks for itself.   Defendants admit that Defendant Carlson was believed to have been a minority shareholder of Giga Watt.   The remaining allegations in this paragraph state a legal conclusion to which no answer is required. To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

42.    In answer to paragraph 42 of the Verified Complaint, Defendants admit that November 16, 2018 Commercial Lease speaks for itself.   Defendants deny the remaining allegations of this paragraph.

43.    In answer to paragraph 43 of the Verified Complaint, Defendants deny.

44.    In answer to paragraph 44 of the Verified Complaint, Defendants admit an Annual Report of Defendant Clever Capital was filed with the Washington Secretary of State on or about December 21, 2018, which report speaks for itself.   Defendants deny any allegation or inference that Defendant Clever Capital lacked a real property interest.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 13



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

45.     In answer to paragraph 45 of the Verified Complaint, Defendants admit that Defendant Clever Capital filed proof of claim number 320-1, asserting a right to payment as set forth in the proof of claim, and admit further to the extent the claim speaks for itself. To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

46.     In answer to paragraph 46 of the Verified Complaint, Defendants admit that Defendant Carlson filed a proof of claim number 319-1, asserting a right to payment as set forth in the proof of claim, and admit further to the extent the claim speaks for itself. To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

47.     In answer to paragraph 47 of the Verified Complaint, Defendants admit that Defendant Carlson filed a proof of claim—claim number 318-2—asserting a right to payment as set forth in the proof of claim, and admit further to the extent the claim speaks for itself. To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 14



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## JURISDICTION AND VENUE

48.    In answer to paragraph 48 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants admit this Court has jurisdiction.

49.    In answer to paragraph 49 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants admit venue is appropriate.

## FIRST CLAIM FOR RELIEF

50.    In answer to paragraph 50 of the Verified Complaint, Defendants incorporate by reference the answers set forth above as if fully set forth herein.

51.    In answer to paragraph 51 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required.  To the extent an answer is required, the November 16, 2018 Commercial Lease speaks for itself. Defendants specifically deny that the November 16, 2018 Commercial Lease was a transfer of any real property interest to any of the Defendants.  To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 15



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935

52.    In answer to paragraph 52 of the Verified Complaint, Defendants admit to the extent that the November 16, 2018 Commercial Lease Agreement, to which Giga Watt was a party, speaks for itself.

53.    In answer to paragraph 53 of the Verified Complaint, Defendants admit to the extent that the November 16, 2018 Commercial Lease Agreement speaks for itself.

54.    In answer to paragraph 54 of the Verified Complaint, Defendants deny.

55.    In answer to paragraph 55 of the Verified Complaint, Defendants admit.

56.    In answer to paragraph 56 of the Verified Complaint, Defendants deny.

57.    In answer to paragraph 57 of the Verified Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the same.

58.    In answer to paragraph 58 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required and, therefore, Defendants deny.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 16



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

59.    In answer to paragraph 59 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny.

60.    In answer to paragraph 60 of the Verified Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the same.

61.    In answer to paragraph 61 of the Verified Complaint, Defendants deny that Defendant Clever Capital has no real property interest of any kind and deny any allegation or inference that Defendant Clever Capital is not a landlord under the November 16, 2018 Commercial Lease with respect to a portion of the TNT Facility. Defendants deny the remaining allegations of this paragraph.

62.    In answer to paragraph 62 of the Verified Complaint, Defendants deny the allegations of the first and second sentences of this paragraph.  Defendants admit that Defendant Clever Capital filed Claim Number 320-1, which proof of claim speaks for itself.  Defendants deny the remaining allegations of this paragraph.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 17



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

63. In answer to paragraph 63 of the Verified Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the same.

64. In answer to paragraph 64 of the Verified Complaint, Defendants deny.

65. In answer to paragraph 65 of the Verified Complaint, Defendants deny.

66. In answer to paragraph 66 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required. To the extent an answer is required, Defendants admit only that the November 16, 2018 Commercial Lease speaks for itself. Defendants specifically deny that the November 16, 2018 Commercial Lease transferred any interest in real property from Giga Watt to Defendant Clever Capital. To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

67. In answer to paragraph 67 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required. The November 16, 2018 Commercial Lease speaks for itself.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 18



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa 99201
P 509.321.5930 / F 509.321.5935

To the extent an answer is required, Defendants deny the remaining allegations of this paragraph.

68. In answer to paragraph 68 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny that Doe 1 is an immediate or mediate transferee. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, deny the same.

69. In answer to paragraph 69 of the Verified Complaint, Defendants deny.

## SECOND CLAIM FOR RELIEF

70. In answer to paragraph 70 of the Verified Complaint, Defendants incorporate by reference the answers set forth above as if fully set forth herein.

71. In answer to paragraph 71 of the Verified Complaint, Defendants deny.

72. In answer to paragraph 72 of the Verified Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the same.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 19



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

73.    In answer to paragraph 73 of the Verified Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the same.

74.    In answer to paragraph 74 of the Verified Complaint, Defendants admit.

75.    In answer to paragraph 75 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants admit only that the November 16, 2018 Commercial Lease speaks for itself. Defendants specifically deny that the November 16, 2018 Commercial Lease transferred any interest in real property from Giga Watt to Defendant Clever Capital.   To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

76.    In answer to paragraph 76 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required. The November 16, 2018 Commercial Lease speaks for itself. To the extent an answer is required, Defendants deny the remaining allegations of this paragraph.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 20



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

77.   In answer to paragraph 77 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants deny that Doe 1 is an immediate or mediate transferee.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, deny the same.

78.   In answer to paragraph 78 of the Verified Complaint, Defendants deny.

### THIRD CLAIM FOR RELIEF

79.   In answer to paragraph 79 of the Verified Complaint, Defendants incorporate by reference the answers above as if fully set forth herein.

80.   In answer to paragraph 80 of the Verified Complaint, Defendants admit that the November 16, 2018 Commercial Lease was executed within four (4) years of the Petition Date.

81.   In answer to paragraph 81 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required and, consequently, to the extent an answer is required, Defendants deny.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 21



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa  99201
P 509.321.5930 / F 509.321.5935

82.     In answer to paragraph 82 of the Verified Complaint, Defendants deny.

83.     In answer to paragraph 83 of the Verified Complaint, Defendants deny.

## **FOURTH CLAIM FOR RELIEF**

84.     In answer to paragraph 84 of the Verified Complaint, Defendants incorporate by reference the answers set forth above as if fully set forth herein.

85.     In answer to paragraph 85 of the Verified Complaint, Defendants admit that the November 16, 2018 Commercial Lease was executed within four (4) years before the Petition Date.

86.     In answer to paragraph 86 of the Verified Complaint, Defendants deny.

87.     In answer to paragraph 87 of the Verified Complaint, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and, therefore, deny the same.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 22



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

88. In answer to paragraph 88 of the Verified Complaint, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and, therefore, deny the same.

89. In answer to paragraph 89 of the Verified Complaint, Defendants deny.

### **FIFTH CLAIM FOR RELIEF**

90. In answer to paragraph 90 of the Verified Complaint, Defendants incorporate by reference the allegations set forth above as if fully set forth herein.

91. In answer to paragraph 91 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required and, consequently, to the extent an answer is required, Defendants deny the same.

92. In answer to paragraph 92 of the Verified Complaint, Defendants admit that some sum of Bitcoin was transferred from some source within a year of the Petition Date. To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 23



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

93.   In answer to paragraph 93 of the Verified Complaint, Defendants admit that Defendant Carlson was a creditor of Giga Watt and that the transfer of some sum of Bitcoin was for his benefit.  To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.

94.   In answer to paragraph 94 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required and, consequently, the extent an answer is required, Defendants deny.

95.   In answer to paragraph 95 of the Verified Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the same.

96.   In answer to paragraph 96 of the Verified Complaint, Defendants admit that March 2018 is between ninety days and one year before the Petition Date.   To the extent not expressly admitted, Defendants deny the remaining allegations of this paragraph.



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

97. In answer to paragraph 97 of the Verified Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, deny the same.

## **SIXTH CLAIM FOR RELIEF**

98. In answer to paragraph 98 of the Verified Complaint, Defendants incorporate by reference the answers set forth above as if fully set forth herein.

99. In answer to paragraph 99 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required. To the extent an answer is required, Defendants admit that Defendant Carlson was believed to have been a minority shareholder of Giga Watt. To the extent not expressly admitted, Defendants deny.

100. In answer to paragraph 100 of the Verified Complaint, the allegations of this paragraph state legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny.

101. In answer to paragraph 101 of the Verified Complaint, Defendants deny.

102. In answer to paragraph 102 of the Verified Complaint, Defendants deny.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 25



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## SEVENTH CLAIM FOR RELIEF

103. In answer to paragraph 103 of the Verified Complaint, Defendants incorporate by reference the answers above as if fully set forth herein.

104. In answer to paragraph 104 of the Verified Complaint, the allegations of this paragraph state a legal conclusion to which no answer is required. To the extent an answer is required, Defendants admit only that the Sale and Assignment Agreement speaks for itself. To the extent not expressly admitted, Defendant deny.

105. In answer to paragraph 105 of the Verified Complaint, Defendants deny.

106. In answer to paragraph 106 of the Verified Complaint, Defendants deny.

107. In answer to paragraph 107 of the Verified Complaint, Defendants deny.

## EIGHTH CLAIM FOR RELIEF

108. In answer to paragraph 108 of the Verified Complaint, Defendants incorporate by reference the answers set forth above as if fully set forth herein.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 26



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa 99201
P 509.321.5930 / F 509.321.5935

109. In answer to paragraph 109 of the Verified Complaint, Defendants deny.

110. In answer to paragraph 110 of the Verified Complaint, Defendants deny.

111. In answer to paragraph 111 of the Verified Complaint, Defendants deny.

112. In answer to paragraph 112 of the Verified Complaint, Defendants deny.

## OBJECTION TO CLAIM NO. 318

113. In answer to paragraph 113 of the Verified Complaint, such allegation does not require an answer. To the extent an answer is required, the answers set forth above are incorporated by reference as if fully set forth herein.

114. In answer to paragraph 114 of the Verified Complaint, such allegation does not require an answer. To the extent an answer is required, such allegation is denied.

115. In answer to paragraph 115 of the Verified Complaint, such allegation does not require an answer. To the extent an answer is required, such allegation is denied.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 27



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## OBJECTION TO CLAIM NO. 319

116. In answer to paragraph 116 of the Verified Complaint, such allegation does not require an answer. To the extent an answer is required, the answers set forth above are incorporated by reference as if fully set forth herein.

117. In answer to paragraph 117 of the Verified Complaint, such allegations do not require an answer. To the extent an answer is required, such allegations are denied.

## OBJECTION TO CLAIM NO. 320

118. In answer to paragraph 118 of the Verified Complaint, such allegation does not require an answer. To the extent an answer is required, the answers set forth above are incorporated by reference as if fully set forth herein.

119. In answer to paragraph 119 of the Verified Complaint, such allegations do not require an answer. To the extent an answer is required, such allegations are denied.

120. In answer to paragraph 120 of the Verified Complaint, such allegations do not require an answer. To the extent an answer is required, such allegations are denied.

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 28



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

## **RESERVATION OF RIGHTS**

121.   In answer to paragraph 121 of the Verified Complaint, such allegations do not require an answer.   To the extent an answer is required, Defendants deny.

## **DENIAL OF PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the requested relief.

## **DEFENSES**

Without waiving any denials or defenses, and without assuming the burden of proof on any issues, and reserving the right to amend or delete defenses as information becomes available through investigation and discovery, Defendants raise the following defenses, including affirmative defenses:

1.   Failure to state a claim upon which relief may be granted, Federal Rules of Civil Procedure 12(b)(6) and 9(b), made applicable by virtue of Federal Rule of Bankruptcy Procedure 7009 and 7012;

2.   Failure to join a party under Federal Rule of Civil Procedure 19, as provided under Federal Rule of Civil Procedure 12(b)(7), made applicable by virtue of Federal Rule of Bankruptcy Procedure 7012 and 7019;

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 29



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa  99201
P 509.321.5930 / F 509.321.5935

3.    Failure to mitigate damages;

4.    Setoff, offset, and/or recoupment;

5.    Waiver;

6.    Estoppel;

7.    Laches;

8.    Unclean hands;

9.    Unjust enrichment;

10.   Consent;

11.   Ratification;

12.   Business judgment rule;

13.   Material breach/default;

14.   The time within which the Chapter 11 Trustee was required to have assumed executory contracts has expired and, therefore, the same have been rejected by operation of law;

15.   Good faith transferee for value, under, without limitation, 11 U.S.C. 548(c), RCW 19.40.081;

16.   Any property recovered under 11 U.S.C. § 550(a) is subject to a lien to the extent of the cost of any improvement or any increase in the value as a result of such improvement, as authorized under, without limitation, 11 U.S.C. § 550(e);

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 30

Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane,Wa 99201
P 509.321.5930 / F 509.321.5935

17. Ordinary course of business and financial affairs, and according to ordinary business terms under, without limitation, 11 U.S.C. § 547(c)(2);

18. New value; including contemporaneous exchange and/or subsequent advance, under, without limitation, 11 USC § 547(c)(1), 547(c)(4);

19. Not an insider transaction, arms length transaction;

20. One or more of the Plaintiff's claims are barred because, and to extent that, any alleged transfer was not of an interest of the Debtor;

21. Plaintiff is not entitled to turnover of property that is not property of estate;

22. Plaintiff is not entitled to turnover of property absent adequate protection;

23. No fraud or inequitable/wrongful conduct by Defendants; actions and/or omissions of Defendants were in good faith;

24. A constructive trust in favor of Plaintiff would be inequitable;

25. One or more of Plaintiff's claims for relief are barred, in whole or in part, due to the actions and omissions of the Plaintiff and/or Debtor; and

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 31



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

26. Any damages to which Plaintiff alleges to be entitled were caused by individuals and/or entities other than Defendants.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to amend their Answer and Defenses including, but not limited to, amendment to include additional defenses or to delete defenses as investigation and discovery proceed. Furthermore, Defendant Clever Capital and Defendant Carlson reserve their rights to amend their proofs of claim including, but not limited to, amendment to assert any other and further amounts and basis for such claims, whether at law or in equity, and to assert an entitlement to an administrative expense for amounts included in the proofs of claim.

## **STATEMENT UNDER FRBP 7012**

Defendants consent to entry of final orders or judgment by the Bankruptcy Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully pray for relief as follows:

1. That Plaintiff's Verified Complaint be dismissed with prejudice and that the Plaintiff take nothing by way of it;

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 32



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935

2.     For judgment in favor of Defendants;

5.     For an award of attorney's fees and costs to the furthest extent allowed under law and in equity;

6.     That the objections to the claims be overruled and that such claims be allowed in full; and

7.     For such other relief as the Court deems just and equitable.

DATED this 6th day of June 2019.

PISKEL YAHNE KOVARIK, PLLC


/s/ Benjamin J. McDonnell
JASON T. PISKEL, WSBA #35398
Email: jtp@pyklawyers.com
BENJAMIN J. MCDONNELL, WSBA #45547
Email: ben@pyklawers.com
PISKEL YAHNE KOVARIK, PLLC
522 West Riverside Ave., Suite 700
Spokane, WA 99201
Telephone: (509) 321-5930
Facsimile: (509) 321-5935

*Attorneys for David M. Carlson, Jane Doe 1,*
*Enterprise Focus, Inc., and Clever Capital, LLC*

DEFENDANTS' ANSWER TO
VERIFIED COMPLAINT- 33



Piskel Yahne Kovarik, PLLC
522 W. Riverside Avenue Ste. 700
Spokane, Wa 99201
P 509.321.5930 / F 509.321.5935